## JAMES R. HIGHLY *v.* COMMONWEALTH.

**Criminal Law—Reversal.**
> There can be no reversal for an error in instructing or in refusing to instruct the jury, unless all of the instructions given by the court are contained in the bill of exceptions.

**Admissibility of Evidence.**
> In a murder trial where the defendant is charged with killing one person evidence is not admissible showing that the defendant also killed another person, where not admissible as a part of the res gestae.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 19, 1876.

OPINION BY JUDGE COFER:

Sec. 335 of the Criminal Code provided that a judgment in a criminal prosecution "shall not be reversed for an error of the court in instructing or in refusing to instruct the jury, unless the bill of exceptions contains all the instructions given by the court to the jury, and unless it shall thereupon appear that the law applicable to the case was not correctly and fairly given to the jury."

The bill of exceptions in this case does not contain any of the instructions given by the court, but it contains a statement to the effect that the court instructed the jury as to the law of murder, but failed to instruct them as to the law of manslaughter. It is the duty of the court on trial of a prisoner for murder to instruct the jury as to the law of manslaughter, especially in a case like this; but whether the statement in the bill of exceptions would warrant us in reversing the judgment on that ground alone it is not necessary now to decide.

After the commonwealth had proved the shooting of Mountjoy by the appellant, and after a witness had stated that he had also shot one Davis, the witness was asked: "What did Highly shoot and wound Davis for?" The appellant's counsel objected to the question, but the court overruled the objection and permitted the witness to answer, to which the appellant excepted. The witness stated that when the shooting commenced (that is, when the appellant commenced shooting at Mountjoy) Davis ran out at the back door and came around the house to the front, and was passing by the house toward the road when the prisoner shot him, the ball entering his mouth and coming out near his ear.

The evidence should not have been admitted. The prisoner was not on trial for shooting Davis, and the evidence admitted on that subject was calculated to prejudice his substantial rights, by strengthening the evidence of malice furnished by the other facts and circumstances in evidence in the cause. The evidence of the shooting of Davis was not admissible as a part of the *res gestae*. The prisoner was being tried for the alleged murder of Mountjoy, and if acquitted might have been immediately put upon trial for wounding Davis, and if he had been, he could not have pleaded the acquittal in the first prosecution in bar of the second.

We are, therefore, of the opinion that for the error indicated the judgment must be reversed, and the cause remanded for a new trial.

The instructions not having been made a part of the record by bill of exceptions or otherwise, we do not reverse for error in giving or refusing instructions; but as the case must go back to be retried it is proper to call attention to some omissions in the instructions copied and sent up by the clerk, and which purport to have been given in the cause, and to suggest that if these are the only instructions given they failed to give to the jury the whole law of the case.

The jury should have been told that if on all the evidence they had a reasonable doubt whether the prisoner had been proven guilty, they should find him not guilty; the converse of the instructions fol-

lowing that in which murder was defined should also have been given, as well as the law of manslaughter and of self-defense; and the jury should also have been told that if they found the defendant guilty, but had, on all the evidence, a reasonable doubt whether he was guilty of murder or manslaughter they should find him guilty of the latter crime.

Judgment *reversed.*

*D. Ellis Conner, for appellant.   T. E. Moss, for appellee.*